UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREA COLLETTE | CIVIL ACTION |
| VERSUS | NO. 24-308 |
| ELUTIA, INC. (f/k/a AZIYO BIOLOGICS, INC.), ET AL. | SECTION: "P" (1) |

## ORDER AND REASONS

Before the Court is the Motion to Conduct Limited Jurisdictional Discovery (R. Doc. 29) filed by Plaintiff, Andrea Collette. For the following reasons, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

This action arises out of injuries Collette allegedly suffered after she underwent lumbar surgery and was implanted with ViBone, a "human tissue allograft bone matrix."[1] Collette alleges that the ViBone used in her surgery came from a deceased donor with pneumonia and sepsis and, consequently, caused her to contract tuberculosis.[2] Collette alleges DCI Donor Services, Inc. (d/b/a Tennessee Donor Services, Inc.) ("DCIDS") harvested the bone graft used by Elutia, Inc. (f/k/a Aziyo Biologics, Inc.) ("Aziyo") to create the ViBone used in her procedure.[3]

Collette brings four Louisiana state law claims against DCIDS and Aziyo.[4] On August 27, 2024, DCIDS moved to dismiss Collette's claims for lack of personal jurisdiction.[5] Collette, a Louisiana resident, now seeks to conduct limited discovery for the purpose of establishing this Court's personal jurisdiction over DCIDS, an entity Collette alleges is incorporated in and has its principal place of business in Tennessee.[6]

---

[1] R. Doc. 20 at ¶¶ 2, 5.
[2] *Id.* at ¶¶ 20.
[3] *Id.* at ¶¶ 5-6.
[4] *Id.* at ¶¶ 29-50.
[5] R. Doc. 26.
[6] *Id.* at ¶ 4.

## II.  LEGAL STANDARD

In a diversity case, a federal district court may exercise personal jurisdiction over a non-resident defendant if "'the forum state's long-arm statute extends to [such] defendant and the exercise of jurisdiction comports with due process.'"[7] Because Louisiana's long-arm statute is coextensive with due process, this two-step analysis collapses into one.[8] "To comport with due process demands, a plaintiff in a diversity case must establish that the non-resident defendant 'purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state' and that 'the exercise of jurisdiction [ ] does not offend traditional notions of fair play and substantial justice.'"[9] In the Fifth Circuit, the minimum contacts test can be satisfied by showing "that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased or used by consumers in the forum state."[10]

When confronted by a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a "preliminary showing" of a factual basis for personal jurisdiction to conduct discovery on that issue.[11] A preliminary showing only requires "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts."[12]

## III.  LAW AND ANALYSIS

Collette alleges DCIDS is subject to personal jurisdiction in Louisiana by "provid[ing] the tissue to Elutia, Inc., . . . with knowledge or foreseeability that its product would be distributed

---

[7] *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 287 (5th Cir. 2020) (quoting *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019)).
[8] La. R.S. 13:3201(B).
[9] *Zoch*, 810 F. App'x at 288.
[10] *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).
[11] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)); *see also Crescent Towing & Salvage Co., Inc. v. M/V JALMA TOPIC*, No. 21-1331 c/w 21-1390, 2022 WL 7539743, at *2 (E.D. La. Oct. 13, 2022).
[12] *Toys "R" Us, Inc.*, 318 F.3d at 429; *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000).

nationwide."[13]  In support of the instant motion, Collette argues that a deposition of DCIDS's corporate representative regarding (1) the recall of another product produced by Aziyo with tissue harvested by DCIDS (FiberCel); (2) how DCIDS harvested tissue from a donor in New Mexico (apparently referring to FiberCel); and (3) "why [DCIDS] did not challenge personal jurisdiction in any of the 2021 recall cases" (seemingly also related to FiberCel) would support her claim that DCIDS is subject to the "stream of commerce" theory of personal jurisdiction in Louisiana.[14]  In its opposition, DCIDS argues Collette's motion must fail because it does not state with any particularity the basis for DCIDS's requisite contacts with Louisiana.[15]  Moreover, DCIDS argues, jurisdictional discovery will not provide any further support to Collette's argument that DCIDS is subject to specific personal jurisdiction in Louisiana under the "stream of commerce" theory and a deposition would only result in a fishing expedition.[16]

       DCIDS aptly characterizes Collette's motion as "bare-bones."[17]  Collette's memorandum in support of her motion for jurisdictional discovery contains a single paragraph without citation to a single case.[18]  Moreover, Collette's reply frames the motion as a request to depose DCIDS's corporate representative about facts surrounding a different product (FiberCel) than the one allegedly used in Collette's procedure (ViBone).[19]  Nevertheless, it appears to the Court that jurisdictional discovery narrowly tailored to the issue before the Court—Collette's "stream commerce" theory regarding DCIDS's involvement with the ViBone product—would be

---

[13] R. Doc. 32 at 1.
[14] Id. at 2.
[15] R. Doc. 31 at 3.
[16] Id. at 5-6.
[17] Id. at 3.
[18] R. Doc. 29-1.
[19] R. Doc. 32 at 1-2.

productive.[20] That being the case, Collette shall propound written discovery to DCIDS by October 25, 2024, which DCIDS shall answer on or before November 8, 2024, and the parties shall complete any depositions on or before November 22, 2024.

## IV.   CONCLUSION

For the foregoing reasons, the motion (R. Doc. 29) of Plaintiff, Andrea Collette, is **GRANTED** to the extent Collette may conduct limited jurisdictional discovery as set forth above.

**IT IS FURTHER ORDERED** that the submission date for the pending Rule 12(b)(2) Motion to Dismiss (R. Doc. 26) of Defendant, DCIDS, is hereby **CONTINUED** until December 18, 2024.[21]

New Orleans, Louisiana, this 16th day of October 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[20] *See Smith v. Aziyo Biologics, Inc.*, No. 22-1288, 2023 WL 6369810, at *5 (W.D. La. Mar. 30, 2023) (finding Donor Services subject to personal jurisdiction in Louisiana arising from its harvesting of tissue for use in FiberCel because of its national distribution).

[21] This Order does not alter any of the deadlines set forth in this Court's May 29, 2024 Scheduling Order (R. Doc. 16).